UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>      Respondent, )<br>)<br>v. )<br>)<br>)<br>JASON CURTIS JONES, )<br>      Petitioner. ) | No. 2:13-CR-34(10) |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's motion for a reduction of sentence, [Doc. 710]. The defendant requests a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 as amended by Amendments 780 and 782 to the United States Sentencing Guidelines. The United States has responded and acknowledges the defendant is eligible for a reduction in sentence but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 714]. The motion will be GRANTED in part.

The defendant was convicted of participating in a conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). He was held accountable for at least 201,720 milligrams of oxycodone, resulting in a base offense level of 32. The base offense level was decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in a total offense level of 29. The defendant's criminal history category was III resulting in an advisory guideline range of 108 months to 135 months. The United States filed a motion for downward departure pursuant to USSG § 5K1.1, which the Court granted and lowered the defendant's offense level from 29 to 27. Based on an offense level of 27 and a criminal history category of III, the defendant's guideline range was 87 months to 108 months at the time of

1

sentencing. The defendant was ultimately sentenced to 78 months after the Court granted the defendant's request for a variance.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If he is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances.

2

Case 2:13-cr-00034-JRG-MCLC Document 733 Filed 04/25/16 Page 2 of 4 PageID #: 4282

*Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, cmt. n. 1(B)(ii)).

One other factor is relevant to the instant motion. Ordinarily, a defendant's sentence may not be reduced to a term "less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). But where, as here, the defendant previously received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities," the Court has authority to grant a reduction "comparably less than the amended guideline range." USSG § 1B1.10(b)(2)(B). It is perfectly logical that the extent of the reduction should be determined based on the extent of assistance. Based on the USSG amendments, the defendant received a two level reduction to an offense level of 27, combined with a criminal history category of III resulting in an amended guideline range of 87 to 108 months.

The defendant requests a reduced sentence of 63 months. The defendant calculates that at the time he was sentenced to 78 months, this departure equates to a 28% departure from the bottom of the guideline range of 87 months. The defendant argues that he is entitled to receive the same 28% reduction from the bottom of his amended guideline range. The government agrees with this calculation. However, the reduction for substantial assistance was merely 19% (108 months reduced to 87 months based on the government's motion for downward departure). The remaining departure from 87 months to 78 months was based on the defendant's requested

3

variance, not the government's substantial assistance motion. USSG § 1B1.10(b)(2)(A) allows a reduction below the amended guideline range but only to the extent comparable to the reduction given for the substantial assistance to the government at the time of the original sentencing. A 19% reduction from the bottom of the defendant's new guideline range 87 months is appropriate here. Therefore, the defendant's motion, [Doc. 710], is GRANTED, and his sentence will be reduced to a term of 70 months.

    ENTER:

                                                         s/J. RONNIE GREER
                                               UNITED STATES DISTRICT JUDGE